## Provident Trust Company et al. v. Hofstetter

56

*George T. Butler*, for plaintiffs.

*Robert W. Beatty*, for defendants.

MacDade, J., October 28, 1935.—The plaintiffs have filed a petition in the above matter to fix a deficiency judgment against these defendants, one of whom, George Hofstetter, Jr., is deceased and was at the time of the foreclosure proceedings hereinafter referred to.

The facts are: The plaintiff was the owner by assignment of a mortgage given by George Hofstetter, Jr., in the sum of $5,000, on property in the Borough of Millbourne, this county. The mortgage being in default, the petitioner foreclosed as of no. 193, June term, 1934, against George Hofstetter, Jr., mortgagor, and Anna Nelson Taggart and Anne Hofstetter, real owners, and directed service to be made upon the Delaware County Trust Company as guardian for Anne Hofstetter, a minor. On August 1, 1934, judgment was entered against George Hofstetter, Jr., Anna Nelson Taggart and Anne Hofstetter, and the Delaware County Trust Company, guardian for Anne Hofstetter, and the property described in the mortgage was sold at sheriff's sale on September 22, 1934, and was bought by the plaintiff for $1. The debt, interest, costs and taxes at the time of the sale were $6,093.41.

Anna Nelson Taggart, executrix of the estate of George Hofstetter, Jr., deceased, has filed an answer denying the right of plaintiffs to enter a judgment against the decedent or against the personal representative of the decedent.

Anna Nelson Taggart and Anne Hofstetter, by her guardian, the Delaware County Trust Company, in their answers, deny the right of the plaintiffs to a judgment against them on the ground that neither of them signed

the bond or mortgage and that the judgment entered against them in this proceeding was a judgment in rem.

A stipulation between the parties was filed with the consent of the court on September 26, 1935, in which it was agreed that the fair value of the property sold, at the time of the sale, was $4,200; and consequently any judgment which may be entered in this case must be in the sum of $1,893.41, to bear interest from March 22, 1935.

The fact that George Hofstetter, Jr., was dead at the time of the foreclosure proceeding cannot affect these proceedings, nor would it be irregular to proceed against him as mortgagor were he dead, if his death were not suggested of record. The executrix could have raised the question if she desired. She did not. Subsequently a judgment in rem was entered against George Hofstetter, Jr., as mortgagor, upon a return of nihil to the writ of sci. fa. sur mortgage.

If the defendant be dead in a mortgage foreclosure proceeding and his death not suggested of record, the plaintiff may direct the sheriff to return the writ nihil and then issue an alias writ. One return of nihil is now sufficient. Formerly two returns of nihil were necessary: See Acts of July 9, 1901, P. L. 614, April 23, 1903, P. L. 261, and April 24, 1931, P. L. 56. Upon two returns of nihil, now one return, you may proceed on the writ as if served personally. Nihil habet means nothing he has, or that the defendant has no residence at which the writ could be left. Two such returns are sufficient service, though defendant be dead, and are conclusive evidence that he is alive as to this suit: See 1 Brewster's Practice (C. P.), 158, sec. 191.

In Chambers v. Carson, 2 Whart. 365 (1837), Taylor v. Young, 71 Pa. 81 (1872), and Tyron et al. v. Munson et al., 77 Pa. 250 (1875), it was ruled that it is not necessary, under the Act of February 24, 1834, P. L. 70, to join the widows and heirs and devisees in a scire facias sur mortgage, or to sue any person save the administrator, or executrix in the instant case. This practice was

followed in Rushton v. Lippincott, 119 Pa. 12, and Brown v. Wagner, 23 W. N. C. 250.

The real owners were joined because it was necessary to join them, as title had passed from the mortgagor to them and the act of assembly governing such proceedings as foreclosures of mortgages requires mandatorily that an affidavit of real ownership be lodged of record before the writ of sci. fa. issues. This necessarily makes the title holders parties defendant. See Acts of July 9, 1901, P. L. 614, sec. 1, April 23, 1903, P. L. 261, sec. 1, April 24, 1931, P. L. 56, sec. 3, which require the plaintiff in any writ of sci. fa. sur mortgage to file with his praecipe an affidavit, setting forth, to the best of his knowledge, information and belief, who are the real owners of the land charged, and all such persons shall be made parties to the writ, which shall be served by the sheriff. However, the judgment to be rendered is in rem only and not in personam. These defendants are not, therefore, harmed. And it was proper, too, to join the Delaware County Trust Company as guardian, if Anne Hofstetter was a minor, as she appeared to be. As real owners of the property at the time the mortgage was foreclosed, a judgment was properly ordered against them.

Inasmuch as the property in question was sold upon such judgment obtained on September 22, 1934, to the plaintiffs for $1, based upon a debt, interest, costs and taxes at the time of the sale which were $6,093.41, we conclude that the plaintiffs are entitled to a deficiency judgment upon the judgment in rem in this proceeding against all defendants in the sum agreed upon, namely $1,893.41, bearing interest from March 22, 1935.

The plaintiff, having complied with the terms of the Act of January 17, 1934, P. L. 243, is entitled to a deficiency judgment against them, similar in character to the judgment upon which the sale was made.

The act does not limit the deficiency judgment to a personal judgment entered upon the bond, but provides:

"That whenever any real property is sold on any execution on the foreclosure of any mortgage . . . the amount of such fair value shall be deducted from the amount of the judgment, interest and costs, and a deficiency judgment entered for the balance." Notice of this proceeding must be given to the "defendants and to all parties whose interest appears on the record."

This language clearly covers the judgment in rem obtained in the foreclosure and fixing a deficiency judgment of the same character against all of the defendants.

It may be questioned whether such a judgment can be of use to the plaintiff, as the real estate has been sold and passed into other hands. Admitting that such a deficiency judgment may have no value as the basis of another execution, it may have definite value in fixing the amount of damages in a collateral action against these defendants.

For instance, if these plaintiffs hold any collateral of the defendant, Hofstetter, as further security for the bond, upon which they desire to realize, certainly it is to the advantage of his estate now to have determined the amount of the deficiency judgment which in reality is only a reduction of the original judgment.

And now, October 28, 1935, upon the pleadings in the above case, and upon the foregoing findings of fact and conclusions of law, it is ordered and decreed that a deficiency judgment be entered in the above case in favor of the plaintiff and against the defendants, restricting the judgment as finally entered to the sum of $1,893.41, to bear interest from March 22, 1935.